## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| **George Smith**<br>10111 Frankstown Road<br>Pittsburgh, PA 15235 | CIVIL DIVISION<br><br>Docket #: GD-20-8351 |
| Plaintiff, | |
| v. | |
| | **COMPLAINT IN CIVIL ACTION** |
| **Team Nutz, LLC**<br>3287 Library Road<br>Pittsburgh, PA 15234 | **JURY TRIAL DEMANDED** |
| Defendant. | |
| | Filed on behalf of: Plaintiff.<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>David M. Kobylinski, Esquire<br>Pa. ID No.: 92233<br><br>Peter T. Kobylinski, Esquire<br>Pa. ID No.: 309832<br><br>PRAETORIAN LAW GROUP, LLC<br>515 Court Place, Ste 4<br>Pittsburgh, PA 15219<br>(412) 281-6600 |



EXHIBIT F

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| **George Smith,** | ) | GD-20-8351 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Team Nutz, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service<br>
Allegheny County Bar Association<br>
11th Floor Koppers Building<br>
436 Seventh Avenue<br>
Pittsburgh, PA 15219<br>
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **George Smith**, | ) | GD-20-8351 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Team Nutz, LLC**, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

George Smith, through counsel, avers as follows:

### THE PARTIES

1. Plaintiff George Smith is an adult individual and resides at 10111 Frankstown Road, Pittsburgh, PA 15235.

2. Defendant Team Nutz, LLC is a domestic limited liability corporation and conducts its general business operations in Allegheny County at 3287 Library Road, Pittsburgh, PA 15234.

3. Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of his color/race. Plaintiff dual filed his Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5. Plaintiff received a Right to Sue letter and this action was commenced within the 90 day deadline set forth by that letter.

## STATEMENT OF THE FACTS

6. Plaintiff is an African-American male.

7. On or around December 2017 or January 2018, Plaintiff was hired by Defendant as a full time auto-detailer.

8. Originally, Plaintiff was hired to work at Defendant's Fox Chapel facility but later was transferred to the Castle Shannon facility.

9. At the Castle Shannon facility, Plaintiff immediately observed a pattern and practice of discrimination and harassment directed to African-Americans and/or colored employees.

10. This behavior and conduct was in stark contrast to the treatment that the Caucasian employees received.

11. Plaintiff observed his manager Ms. Nuttall make snide comments toward him when nearby or when Plaintiff was on lunch breaks.

12. Furthermore, Ms. Nuttall targeted Plaintiff and assigned him the more unpleasant job responsibilities or tasks, which were often referred to as "dirty jobs".

13. On or around August 29, 2018, Ms. Nuttall entered the detail shop and asked two of Plaintiff's Caucasian co-workers "did you see the yahoo, did you all send him home?".

14. Plaintiff overheard this comments as he was detailing a vehicle in the shop.

15. Plaintiff believes and therefore avers that Ms. Nuttall was referring to him and that her comment was racially motivated.

16. On or around September 1, 2018, Plaintiff clocked into work and was immediately berated by his manager.

17. Ms. Nuttall berated Plaintiff asking him "what are you doing here?" and "you need to go the fuck back to Fox Chapel."

18. Plaintiff believes that Ms. Nuttall did not want Plaintiff at her facility due to his race and/or color. In particular, Plaintiff does not recall Ms. Nuttall behaving in a similar manner toward Caucasian employees.

19. After being verbally accosted, Plaintiff clocked out and attempted to contact the general manager at the Fox Chapel facility.

20. Defendant ignored Plaintiff's efforts to contact them concerning his employment and Ms. Nuttall's behavior.

21. Due to repeatedly ignoring his efforts to communicate with Defendant, Plaintiff's employment was terminated.

22. Plaintiff believes and therefore avers no Caucasian employees were subjected to similar harassment and discrimination.

23. Plaintiff believes that Defendant terminated him on the basis of his race and/or color.

## INJURIES AND DAMAGES

24. As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

    a. Plaintiff lost income, employment benefits and financial security;

    b. Plaintiff suffered damage to his reputation;

    c. Plaintiff developed, suffered and continue to suffer from embarrassment, shame and emotional distress;

    d. Plaintiff suffered and continue to suffer from a diminution in enjoyment of his life;

    e. Plaintiff's ability to earn wages have been diminished and continues to be diminished; and

    f.   Attorneys' fees and costs.

## COUNT ONE – RACE AND/COLOR DISCRIMINATION
## UNDER TITLE VII

25.    The prior paragraphs of this Complaint are incorporated herein by reference.

26.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race and/or color.

27.    Defendant, by and through their actions, discriminated against Plaintiff, because of his race and color, which such conduct is a violation of Title VII.

28.    The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in a denial of a promotion, lost wages and/or Plaintiff's discharge from her employment. Plaintiff was fully able to perform her assigned tasks, but for the unwarranted racial, national origin discrimination and adverse employment actions.

29.    Plaintiff suffered intentional discrimination because of his race and/or color.

30.    Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of his race and/or color in violation of Title VII.

31.    As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

32.    Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiffs are entitled to punitive damages.

    **WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of race and/or color.

c) The immediate assignment of Plaintiffs to such position as he would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of compensatory damages.

g) The award of punitive damages.

h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT TWO – DISCRIMINATION UNDER PHRA

33. The prior paragraphs of this Complaint are incorporated herein by reference.

34. At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

35. At all time material to this complaint Defendant was an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

36. The acts of Defendant constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of her race and/or color.

37. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

    **WHEREFORE**, Plaintiff requests the following:

    a. The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

    b. The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of race, national origin or color.

    c. The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

    d. The award of any pre-judgment interest on any back pay.

    e. The award of compensatory damages.

    f. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

    g. The award of such other relief as may be just and proper.

**JURY TRIAL IS DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____/s/ Peter T. Kobylinski_____
Peter T. Kobylinski, Esquire
PA ID No.: 309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated: July 20, 2022          *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

_____/s/ Peter T. Kobylinski_____
Peter T. Kobylinski, Esquire (PA ID # 309832)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing papers has been sent by First Class U.S. Mail to the following:

**Team Nutz, LLC**
3287 Library Road
Pittsburgh, PA 15234

Defendant

July 20, 2022                              _____/s/ Peter T. Kobylinski_____
                                           PETER T. KOBYLINSKI

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Allegheny _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** George Smith

**Lead Defendant's Name:** Team Nutz, LLC

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a Class Action Suit?** ☐ Yes  ☒ No

**Is this an MDJ Appeal?** ☐ Yes  ☒ No

**Name of Plaintiff/Appellant's Attorney:** David M. Kobylinski

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☒ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*