IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE SMITH, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 22-1150 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 13 |
| TEAM NUTZ, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff George Smith ("Plaintiff") brings this action against his former employer, Team Nutz, LLC ("Defendant"), under Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-1, *et seq.* ("Title VII") and the Pennsylvania Human Rights Act ("PHRA"), arising out of allegations that he was discriminated against on the basis of his race.

Presently before the Court is Defendant's Motion to Dismiss. ECF No. 13. For the reasons below, the Motion to Dismiss is denied.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    First Amended Complaint

Plaintiff is an African-American male. ECF No. 11 ¶ 6. Defendant operates two auto detailing facilities in the Fox Chapel and Castle Shannon areas of Pittsburgh. Id. ¶ 7.

In December 2017 or January 2018, Plaintiff was hired by Defendant to work as a full-time auto detailer at the Fox Chapel facility. Id. ¶¶ 8-9. He later was transferred to the Castle Shannon

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 21 and 22.

facility. Id. ¶ 9.

Upon his arrival at the Castle Shannon facility, Plaintiff alleges that he observed a "pattern and practice and discrimination and harassment" directed at African-Americans and persons of color. Id. ¶ 10. Ms. Nuttall, one of the proprietors, was responsible for the majority of this conduct. Id. ¶ 11.

Plaintiff claims that Ms. Nuttall mistreated him in ways that she did not similarly treat Caucasian workers. For example, she assigned him unpleasant job responsibilities or tasks, known as the "dirty jobs." Id. ¶ 13. Ms. Nuttall also harassed and berated Plaintiff during his lunch breaks. Id. ¶ 15. On one occasion, Ms. Nuttall entered the detail shop and asked two of Plaintiff's Caucasian co-workers about him, "did you see the yahoo, did you all send him home?" Id. ¶¶ 17-18.

On September 1, 2018, Ms. Nuttall immediately berated Plaintiff upon his clocking in, saying "what are you doing here?" and "you need to go the fuck back to Fox Chapel." Id. ¶ 20. Plaintiff clocked out and attempted to contact the general manager at the Fox Chapel facility to report that he was instructed to report to work at that location. Id. ¶ 22. Defendant ignored Plaintiff's efforts to contact them regarding his employment and Ms. Nuttall's behavior. Id. ¶ 23.

In advance of pay day, Plaintiff asked at which location he should pick up his paycheck. Id. ¶ 24. Defendant told Plaintiff not to come to any location, and that his paycheck had been mailed. Id. ¶ 25. Defendant refused to answer when and where he should report to work, effectively terminating Plaintiff's employment. Id. ¶¶ 26, 28.

Based on these allegations, Plaintiff brings claims for race discrimination under Title VII (Count I) and the PHRA (Count II). Id. ¶¶ 30-42.

### B. Procedural History

Plaintiff initiated this action by filing a praecipe for writ of summons. He filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 1-2. Defendant removed this action to this Court on August 8, 2022. ECF No. 1.

Defendant moved to dismiss Plaintiff's original Complaint. ECF Nos. 5 and 6. Plaintiff then filed the operative First Amended Complaint on August 24, 2022, rendering the initial Motion to Dismiss moot. ECF Nos. 11 and 12.

Defendant then filed the instant Motion to Dismiss and Brief in Support on September 7, 2022. ECF Nos. 13 and 14. Defendant seeks to dismiss the First Amended Complaint in its entirety for failure to state a claim upon which relief may be granted, pursuant Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Brief in Opposition to the Motion to Dismiss on September 29, 2022. ECF No. 18. Defendant filed a Reply. ECF No. 20.

The Motion to Dismiss is now ripe for consideration.

## II. LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

### A. Race Discrimination

In Counts I and II of the First Amended Complaint, Plaintiff asserts claims of race discrimination in violation of Title VII and the PHRA. ECF No. 11 ¶¶ 30-42.[2]

To establish a prima facie case of race discrimination, plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he was fired from that position; (4) 'under circumstances that give rise to an inference of unlawful discrimination.'" Johnson v. Montgomery Cnty. Ct. of Common Pleas, No. 22-170, 2022 WL 2192946, at *4 (E.D.

---

[2] Claims under Title VII and PHRA are analyzed the same way. Frankovich v. Pittsburgh Public Schools, No. 2:19-cv-01643, 2021 WL 3725937 (W.D. Pa. Aug. 23, 2021) (addressing Title VII and PHRA claims together, given the precedent of the United States Court of Appeals for the Third Circuit that the two statutes are to be interpreted coextensively).

4

Pa. June 17, 2022) (quoting <u>Jones v. Sch. Dist. of Phila.</u>, 198 F.3d 403, 410 (3d Cir. 1999)).

In support of the Motion to Dismiss, Defendant does not dispute that Plaintiff pleads the first three elements of a prima facie discrimination claim. However, Defendant argues that Plaintiff does not sufficiently plead the fourth element—that he was fired under circumstances that give rise to an inference of unlawful discrimination—because he only relies on vague, generic, and conclusory allegations of discrimination. ECF No. 14 at 1, 5-11. Also, Defendant asserts that there is no direct evidence of discrimination.

In response, Plaintiff argues that he sufficiently pleads a race discrimination claim. He points to specific factual averments.

1) He observed disparate treatment by Ms. Nuttall. ECF No. 11 ¶ 11. (The manager of the Castle Shannon facility and wife of Defendant's owner.)

2) He observed Ms. Nuttall make snide comments toward him. <u>Id.</u> ¶ 12.

3) He observed Ms. Nuttall harass and berate him during his lunch breaks. <u>Id.</u> ¶ 15.

4) He observed Ms. Nuttall assign him the more unpleasant job responsibilities and tasks, which were referred to as "dirty jobs." <u>Id.</u> ¶ 13.

5) He observed Ms. Nuttall not similarly assign these "dirty jobs" to his Caucasian coworkers. <u>Id.</u> ¶ 14.

6) He observed Ms. Nuttal not likewise harass or berate his Caucasian coworkers during their shifts or lunch breaks. <u>Id.</u> ¶ 16.

7) He observed Ms. Nuttall refer to him as a "yahoo" to his Caucasian coworkers. <u>Id.</u> ¶ 17.

5

8) He observed Ms. Nuttall ask his Caucasian coworkers "did you see the yahoo, did you all send him home?" Id.

9) He observed Ms. Nuttall berate him and yell at him when he clocked in on September 1, 2018, saying "what are you doing here?" and "you need to go the fuck back to Fox Chapel." Id. ¶ 20.

10) He observed that Ms. Nuttall never treated his Caucasian coworkers in a similar manner. Id. ¶ 21.

11) After being kicked out of the Castle Shannon facility, Defendant ignored his attempts to communicate and told him to not come in to pick up his paycheck. Id. ¶¶ 23-25.

12) Defendant told him to not return to work by ignoring his calls. Id. ¶ 26.

Plaintiff acknowledges, in his opposition, that while there are some cases where an employer uses racially epithets, this case involves disparate treatment based on race. Here, he asserts, "Ms. Nuttall was clever enough to avoid using such vulgarities." ECF No. 18 at 5.

Upon review, the Court finds that assuming the veracity of Plaintiff's allegations of discrimination, primarily in the form of disparate treatment based on race, and deriving all reasonable inferences therefrom, Plaintiff has pled sufficient facts to support his claim for racial discrimination under Title VII and the PHRA, at this initial stage of the proceedings.

B. Hostile Work Environment

In the Motion to Dismiss, Defendant also argues that to the extent that Plaintiff asserts a hostile work environment claim, he fails to state a viable claim. Specifically, Defendant contends that Plaintiff has not alleged severe and pervasive conduct that rises to the level of a hostile environment. ECF No. 14 at 11.

In opposing the Motion to Dismiss, Plaintiff argues that his Complaint "paints a picture of a course of abusive conduct" that began upon him being transferred to the Castle Shannon facility under the direction of Ms. Nuttall. He asserts that upon being transferred, Ms. Nuttall engaged in a pattern and practice of belittling him, forcing him to do demeaning "dirty jobs," publicly insulting him, yelling at him, removing him from work, and ignoring his calls. ECF No. 18 at 6. Plaintiff argues that a reasonable person would find this daily humiliating conduct to be abusive. Id. Of note, he alleges that this conduct was not directed to Caucasian employees.

To plead a claim of hostile work environment, a plaintiff must allege that: (1) he or she suffered intentional discrimination because of his or her race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would have detrimentally affected a reasonable person of the plaintiff's race in his or her position; and (5) respondeat superior liability exists. Minarsky v. Susquehanna Cty., 895 F. 3d 303, 310 (3d Cir. 2018) (citing Mandel v. M & Q Packaging Corp., 706 F. 3d 157, 167 (3d Cir. 2013)).

As to the second element, to determine whether the harassing conduct alleged is sufficiently "severe" or "pervasive" to create an abusive work environment, courts consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating or a mere offensive utterance; and (4) whether it unreasonably interferes with the employee's work performance. Whitesell v. Dobson Commc'n, 353 F. App'x 715, 717 (3d Cir. 2009).

With respect to the fifth element,

> "[t]he basis of an employer's liability for a hostile work environment claim depends on whether the harasser is the victim's supervisor or coworker." Mandel, 706 F.3d at 169 (citing Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104

7

(3d Cir. 2009)). An employer is vicariously liable to a victimized employee "for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee" or if "the person charged with creating the hostile environment is the plaintiff's co-worker, and not a supervisor, liability exists [only] where the [employer] knew or should have known of the harassment and failed to take prompt remedial action." Hitchens v. Montgomery Cty., 278 F. App'x 233, 235-36 (3d Cir. 2008) (internal citations and quotations omitted).

Roth v. Clearchoice Mgmt. Servs., LLC, No. 1:21-cv-20440, 2022 WL 4011036, at *5 (D.N.J. Sept. 2, 2022).

Upon review, construing the facts in light most favorable to Plaintiff, as the Court must at this early stage of the case, Plaintiff has alleged sufficient facts as to requisite elements of a hostile work environment claim. First, he has alleged that he suffered intentional disparate treatment based on his race that Caucasian employees were not subjected to. Second, he has alleged, albeit barely, that the conduct was severe and pervasive in that he was subjected to the treatment (specifically identified acts) on a daily basis and the conduct interfered with his ability to perform his work. As to the third and fourth elements, he has alleged how the hostile treatment detrimentally affected him and would affect a reasonable person of Plaintiff's race. Finally, Plaintiff has alleged that the treatment and the hostile environment inflicted upon him were created by Ms. Nuttal as the Defendant owner's wife and manager of the Castle Shannon location.

Following the completion of fact discovery, these matters may be more appropriately raised at the summary judgment stage of this litigation.

IV. **CONCLUSION**

For the reasons set forth herein, the Motion to Dismiss, ECF No. 13, is DENIED.

BY THE COURT:

Dated: February 6, 2023

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc. All counsel of record via CM/ECF